UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eric M. Crockett,<br>Plaintiff,<br><br>v.<br><br>Habitat for Humanity International, Inc.,<br>Defendant. | CASE NO.: 2:26-cv-3684-RMG-TER____________________<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

   b. All Notifications of the Right to Sue were received from the EEOC on or about June 1, 2026.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Eric M. Crockett, was a citizen and resident of the State of South Carolina and residing in Charleston County, South Carolina. Plaintiff now is a citizen and resident of the State of New York.

4. Defendant, Habitat for Humanity International, Inc., upon information and belief, is a foreign corporation organized in the State of Georgia and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about October 11, 2024, the Plaintiff began working for Defendant in Sales and in the Warehouse.

11. During the Plaintiff's employment with Defendant, he was involved in an automobile wreck and sustained injuries to both his neck and back. Because of these conditions, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. On February 25, 2025, The Plaintiff's treating physician gave him restrictions of not lifting anything over 20 pounds.

13. On or about February 25, 2025, the Plaintiff presented his doctor's note to Assistant Manager, Kate McCalip and Manager, Matt Justice, and requested work restrictions as the doctor had advised. Despite Plaintiff suppling the Defendant with this note, the Defendant denied the accommodation.

14. When Plaintiff informed Ms. McCalip in person that he could not do any lifting per his restrictions, she laughed in Plaintiff's face in front of his co-workers. Plaintiff texted, Mr. Justice, about the restrictions, but Plaintiff's text was ignored.

15. In retaliation for requesting accommodation, Ms. McCalip still made the Plaintiff lift things, and when lunch came around, Plaintiff went on break and told Ms. McCalip that he was not coming back due to the toxic environment and not being accommodated.

16. Any stated reasons for Plaintiff's discharge were pretextual in nature. His discharge, in reality, was discriminatory on the basis of his disability and in retaliation for requesting reasonable accommodation.

17. At all times relevant to this Complaint, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
**Violation of the ADA – Failure to accommodate**

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

20. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job and other jobs in Defendant's employ.

21. As a result of his disability, the Plaintiff requested reasonable accommodation of not lifting more than 20 pounds.

22. The Defendant declined, without just cause, to provide that accommodation to the Plaintiff.

23. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
**Violation of the ADA – Retaliation**

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

26. Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

27. Shortly after requesting said accommodation, the Defendant discharged the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

28. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

29. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

30. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A THIRD CAUSE OF ACTION
**Constructive Discharge**

31. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

33. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

34. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and

any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
August 27, 2026.